NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0464n.06

No. 11-5958

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DAWN COOK, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

**FILED**

*May 01, 2012*

LEONARD GREEN, Clerk

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Dawn Cook, who is represented by counsel, appeals her conviction for

conspiring to distribute, and for possessing with the intent to distribute, a quantity of Oxycodone in

violation of 21 U.S.C. §§ 841(a) and 846.  Cook pled guilty to the charges against her.  In her plea

agreement, Cook waived her right to appeal her conviction unless her sentence was above the United

States Sentencing Guideline's range as determined by the district court.

Cook's presentence report calculated her advisory sentencing guideline's range to be 188 to

235 months of imprisonment based on her status as a career offender.  The government moved for

a downward departure based on Cook's substantial assistance, and the district court reduced Cook's

guideline range to 130 to 162 months of imprisonment.  After considering the statutory sentencing

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

factors and Cook's arguments for a downward variance, the district court imposed a sentence of 110 months of imprisonment, to be followed by six years of supervised release.

On appeal, Cook's attorney has filed a brief and a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that Cook validly waived her right to appeal her conviction and that there is no arguable basis on which to challenge the district court's sentencing determination. Cook requests the appointment of new counsel. Because counsel's *Anders* brief is adequate and our independent review of the record reveals no arguable issues, we grant the motion to withdraw, deny the request for new counsel, and affirm the district court's judgment. *See Anders*, 386 U.S. at 744.

The record reflects that Cook entered a valid guilty plea, which included a waiver of her right to appeal her conviction. We review *de novo* the validity of a guilty plea, *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007), as well as the validity of an appellate waiver provision, *United States v. Thomas*, 605 F.3d 300, 312 (6th Cir. 2010). Under Federal Rule of Criminal Procedure 11, the district court "must verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Dixon*, 479 F.3d at 434 (internal quotation marks and citation omitted). The record establishes that the district court complied with these requirements and, in doing so, ensured that Cook understood the appellate waiver provision. *See* Fed. R. Crim. P. 11(b)(1)(N); *United States v. Sharp*, 442 F.3d 946, 950–51 (6th Cir. 2006). Accordingly, that provision bars Cook from challenging her conviction on appeal. *See Sharp*, 442 F.3d at 951–52.

The district court's judgment is affirmed.